**Valerie WOUTERS, Personal Representative of the Estate of Christopher Michael Wouters, Deceased, Plaintiff–Appellant,**

v.

**CITY OF WARREN, James Vohs, Robert McCauley, Louis Busch, David Geffert, Larry Courtland, David Madill, Robert Clor, Kenneth Csizmadia, Sean Johnson, and Debra Gezewich, Jointly and Severally, Defendants–Appellees.**

No. 01–2642.

United States Court of Appeals, Sixth Circuit.

July 10, 2003.

Before BOGGS and DAUGHTREY, Circuit Judges, and OBERDORFER,* District Judge.

PER CURIAM.

In this civil rights action, the plaintiff, Valerie Wouters, brought suit as the personal representative of the estate of Christopher Michael Wouters, a police officer killed in the line of duty while employed by the City of Warren, Michigan. On appeal, the plaintiff asserts that the district judge erred in dismissing a complaint she filed pursuant to 42 U.S.C. § 1983 against numerous Warren police officers, against the city itself, and against the chief of police as a result of the death of Officer Wouters. We find no reversible error and affirm.

Officer Wouters was killed by an arrestee, Ljeka Juncaj, who was able to retain possession of a handgun throughout the booking process at the city jail because of the failure of any arresting officer to search him properly and find the weapon. According to the plaintiff's complaint, not only did the arresting officers fail to search Juncaj thoroughly, but, during booking, they removed his handcuffs and allowed him to turn over his jewelry, watch, shoes, and shoelaces to the attend-

ing jail officer. When an officer in the immediate area noticed Juncaj acting suspiciously, "as though he was attempting to conceal something," she directed the arrestee to lift his shirt and noticed that Juncaj had an empty gun holster strapped to his body. As alleged in the federal court complaint:

> Without any basis in fact, and in reckless disregard, and deliberate indifference to the truth, Defendant Sean Johnston then incorrectly informed Defendant Debra Gezewich that the gun was removed from the prisoner at the time of the arrest at the scene, which the prisoner falsely affirmed. Defendants Debra Gezewich and Sean Johnston did not properly search the prisoner and continued to book him.

> In fact, at all times pertinent hereto, the prisoner was in possession of and carrying a loaded 9 mm semi-automatic pistol (Model Bryco 59) which would have been timely detected, and safely recovered and secured, had any of the individual Defendant police officers properly searched the prisoner.

> After the empty gun holster was recovered, and while he was being booked, Defendant Sean Johnston then discovered from Plaintiff–Decedent, Christopher Michael Wouters, who was lawfully in the area, that, in fact, no gun had been recovered. At this time, the prisoner attempted to take flight and/or escape. As Plaintiff–Decedent, Christopher Michael Wouters attempted to physically apprehend and capture the prisoner, the prisoner discharged his weapon, fatally wounding Plaintiff–Decedent, Christopher Michael Wouters.

In the plaintiff's § 1983 suit, she alleged further that the actions of the individual

---

* The Hon. Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

defendants in not searching the arrestee, in removing Juncaj's handcuffs, and in misstating that the suspect's weapon had been seized at the arrest site combined to deprive the decedent of life and liberty and, additionally, resulted in an unconstitutional seizure of his person. The plaintiff also contended in her court filing that the police chief and the city failed to train the individual defendants adequately and maintained a custom, policy or practice that resulted in the deprivation of Officer Wouters's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

Rather than answering the complaint, the defendants filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the plaintiff did not state a claim upon which any relief could be granted. The district court found merit in that motion, recognizing that the plaintiff can recover from state actors for the misdeeds of a third party only pursuant to the "state created danger doctrine." That doctrine, however, requires an affirmative act by the state defendants, rather than merely inaction or negligence, in order to establish a due process violation. Because the claim that the individual defendants in this case did not search Juncaj for a weapon after his arrest is an allegation only of a negligent failure to act, the court concluded, no due process violation was properly pleaded in the complaint against any of the defendants.

Likewise, the district court determined that the plaintiff's complaint did not allege a Fourth Amendment violation against the defendants. Significantly, the district judge stated that "[i]n the present case, the requisite state action is missing. Insofar as Officer Wouters may have been 'seized' by being shot, such seizure was effected by the prisoner who shot him."

On appeal, the plaintiff asserts that the district court opinion failed to recognize that she did, in fact, plead an affirmative act by the defendants that resulted in the loss of Officer Wouters's life and liberty. Specifically, she now argues that defendant Sean Johnston's false statement to the booking officer that Juncaj's weapon was confiscated at the time of arrest satisfies the requirement that a state actor actually perform some act that results in a constitutional deprivation. We conclude, however, that the plaintiff's argument in this regard is without merit. According to Valerie Wouters's own complaint, the decedent himself was aware that no weapon had been retrieved from the arrestee; indeed, Officer Wouters was the individual who first informed the various defendants of that crucial piece of information. *See* Plaintiff's Complaint, ¶ 26. If, as alleged in the complaint, the decedent knew that no weapon had previously been found on Juncaj, Johnston's incorrect statement to the contrary—whether intentional or unintentional—could not have placed the decedent in danger or thus served as a basis for liability in this action.

In all other respects, the district court's opinion and order granting the defendants' motion to dismiss on the basis of Rule 12(b)(6) fully and accurately states the relevant law and correctly applies that law to the factual situation presented in this litigation. Because the reasons why the complaint should be dismissed have been ably articulated by the district court, we conclude that the issuance of a full written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court, based upon the reasoning set out by that court in its order and opinion filed on November 9, 2001, as supplemented by the additional discussion in this opinion.